ZEMBRA WALKER V. THE STATE.

No. 21773. Delivered December 10, 1941.

The opinion states the case.

*George E. French,* of Daingerfield, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the State penitentiary for a term of ten years.

Appellant's only complaint is that the evidence is insufficient to justify and sustain his conviction.

The record shows that on the day of killing, appellant and the deceased came to the town of Daingerfield in the appellant's wagon. During the time they were in town, they procured some whisky which they drank. When they started to go home, they picked up Robert Reid, Roosevelt Howell and Norwood Tolbert, who lived in the same community. When they reached a point near a cotton gin, they got out of the wagon, went to the rear of the gin, where they got some more whisky which they drank, while the other three companions stayed with the wagon and team. At the expiration of about thirty or forty minutes, they returned to the wagon and proceeded on their way home. After having driven some distance, they came to a small grocery store, where they purchased some sausage, cheese, crackers, and soda water, which they ate, after which they continued on their journey homeward, but before they had gone a great distance, they came to another grocery store where they purchased more food of the same kind which they placed on the seat between them, eating as they drove along. After they had consumed the greater part of it, appellant told the deceased not to eat any more of it as he wanted to take some of it to his baby, to which the deceased replied, "We have eaten what I bought and I thought we would eat what you bought." Appellant, holding up his knife, then said, "If you get in that sack again, I will put Uncle Joe on you" and when the deceased reached into the bag, appellant stabbed him in the heart with a knife commonly known as an "East Dallas Special," which had a blade 3 7/8 inches in length. As soon as appellant had inflicted the wound upon the deceased, which resulted in his immediate death, he leaped from the wagon and ran. He did not offer any affirmative defense but took the witness-stand and testified that he was so drunk at the time that he did not know what he was doing; that he did not intend to kill the deceased. He filed a plea for a suspension of sentence in the event of his conviction and supported said plea by proof. We deem the evidence sufficient to sustain the jury's conclusion of appellant's guilt. The

evidence justified the conclusion that appellant became angry when the deceased reached back into the paper bag for more food after he (appellant) had asked him not to eat any more of it because he wanted to take some of it to his baby. That appellant intended to kill the deceased finds support in the fact that he stabbed him in the heart with a knife, the blade of which was approximately 3.7/8 inches in length. What could be expected from a blow in the region of the heart with a knife of the kind and character which he used? Nothing but the natural consequences thereof, which was death.

It is our candid opinion that the evidence sustains the jury's conclusion of appellant's guilt. We therefore affirm the judgment of the trial court.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.